PETER C. ANDERSON
UNITED STATES TRUSTEE
Frank M. Cadigan (Bar No. 95666)
Assistant United States Trustee
Elizabeth Lossing (Bar No. 144100)
Trial Attorney
Ronald Reagan Federal Building
        and United States Courthouse
411 West Fourth Street, Suite 9041
Santa Ana, CA  92701-8000
Telephone: (714) 338-3400
Facsimile: (714) 338-3421
Email:  Elizabeth.Lossing@usdoj.gov

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>AMERICAN EAGLE FINANCIAL, INC.,<br><br>                        Debtor. | CASE NUMBER: 8:99-bk-20881-SC<br><br>CHAPTER 7<br><br>NOTICE OF MOTION AND MOTON OF UNITED STATES TRUSTEE FOR AN ORDER REOPENING CHAPTER 7 CASE PURUSUANT TO 11 U.S.C. § 350(b), MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF<br><br>Date:  January 8, 2015<br>Time:  10:00 a.m.<br>Ctrm:  5C |

**PLEASE TAKE NOTICE** that on January 8, 2015 at 10:00 a.m., in the Courtroom of the

Honorable Scott C. Clarkson, United States Bankruptcy Judge, Courtroom 5C, Ronald Reagan Federal

Building, 411 West Fourth Street, Santa Ana, California, 92701, Peter C. Anderson, the United States

Trustee for Region 16 (the "U.S. Trustee") will move to reopen this Chapter 7 case for cause pursuant to

11 U.S.C. § 350(b).  Cause exists because James Joseph, the Chapter 7 trustee (the "Chapter 7 Trustee")

has discovered a previously undisclosed asset to administer that will pay an additional dividend to

creditors.

This motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the attached Declaration and Exhibits, papers and documents on file herein, upon oral argument as will be presented at the time of hearing, and upon such other evidence, both oral and documentary, as may be presented at the time of the hearing.

**ANY OPPOSITION, JOINDER OR OTHER RESPONSIVE PLEADING TO THIS MOTION MUST BE FILED, IN WRITING, AND SERVED ON THE UNITED STATES TRUSTEE AND OTHER PARTIES ENTITLED TO SERVICE THEREOF AT LEAST FOURTEEN (14) DAYS BEFORE THE DATE SET FOR THE HEARING ON THIS MOTION, AS REQUIRED BY LOCAL BANKRUPTCY RULE 9013-1 (f) and (h).**

Respectfully submitted,

PETER C. ANDERSON
UNITED STATES TRUSTEE

Dated:    December 8, 2014

*/S/ Elizabeth Lossing*
Elizabeth Lossing
Trial Attorney

2

# I.

## STATEMENT OF FACTS

1.      The case of *In re American Eagle Financial, Inc.*, (the "Debtor"), bankruptcy case number 8:99-bk-20881-RA (the "Bankruptcy Case"), was commenced by the filing of a voluntary Chapter 7 petition on November 1, 1999.   *See* Declaration of James J. Joseph (the "Joseph Decl."), ¶ 2, attached hereto.

2.      The Chapter 7 Trustee administered the Bankruptcy Case, paying creditors $248,012.92 or an 11.12% dividend.  *See* Joseph Decl., ¶ 3, attached hereto.

3.      Prior to the filing, the Debtor expended the sum of $88,343.02 to post a bond with Amwest Surety Insurance Co. to secure its obligations with Bambardier Capital, Inc. (the "Bond.")  The Bond was not disclosed in the Debtor's bankruptcy.  *See* Joseph Decl. ¶ 4, attached hereto.

4.      Since the asset was not listed in the Debtor's bankruptcy, the Chapter 7 Trustee believes that the asset has not been abandoned and may be administered.  *See* Joseph Decl., ¶ 5, attached hereto.

5.      The Chapter 7 Trustee has been informed and believes that $51,035.19 will be returned to the estate after payment of claims against the Bond.  *See* Joseph Decl., ¶ 6, attached hereto.

6.      The Chapter 7 Trustee believes that reopening the case to administer the Bond refund will result in an additional dividend to unsecured creditors of 2.11%.  *See* Joseph Decl., ¶ 8, attached hereto.

# II.

## POINTS AND AUTHORITIES

### THE COURT MAY REOPEN A CLOSED CASE FOR CAUSE UNDER SECTION 350(b)

Section 350(b) of the Bankruptcy Code provides as follows:

(b)      A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

The decision to reopen a case rests within the sound discretion of the bankruptcy court. *See In re McDonald*, 161 B.R. 697 (D. Kan. 1993) and *Matter of Caicedo*, 159 B.R. 104 (D. Conn. 1993). Further, the reopening of a case and re-appointment of a Chapter 7 Trustee is merely an administrative act that does not affect the rights of any party or the Debtors. The Ninth Circuit BAP addressed this issue in the case of *In re Paine*, 250 B.R. 99 (9th Cir. BAP 2000), which involved a motion brought by secured creditors to reopen a closed, no-asset Chapter 7 case, and was grounded in part on the alleged failure of the debtor to disclose substantial, non-exempt assets. The bankruptcy court ordered that the case be reopened and the debtor appealed. The BAP dismissed the appeal concluding that the debtors lacked standing to appeal the order since they were not "directly and adversely affected pecuniarily" by the order. *Id.* at 106. The BAP stated that "[t]he order reopening, however, was simply a 'mechanical device' that did not afford or deny the debtors any affirmative relief." *Id.* at 107. The BAP further opined:

> It follows that debtors lack standing to object when a creditor moves for such relief. Often a motion of this type is made by a creditor *ex parte* and can also be accomplished sua sponte by the court upon information it obtains from sources such as creditors. *Snyder*, 4 F.2d ast 628; *Schofield v. Moriyama* , 24 F.2d 473, 474 (9th Cir. 1928); *Menk*, 241 B.R. at 915 (a motion to reopen can be considered *ex parte* and without notice).

*Id*. at 106 .

No parties will be adversely affected by an order reopening this case since no substantive determination will be made affecting their rights. In the present case, cause exists to reopen this case because the Chapter 7 Trustee has determined that assets of the estate remain to administer.

Wherefore, the U.S. Trustee respectfully requests that this Court reopen this case for the above described purpose in order to allow the Chapter 7 Trustee the opportunity to administer the unscheduled asset.

Respectfully submitted,

PETER C. ANDERSON
UNITED STATES TRUSTEE

Dated: December 8, 2014          */S/ Elizabeth Lossing*
                                 Elizabeth Lossing
                                 Trial Attorney

4

## DECLARATION OF JAMES J. JOSEPH

I, James J. Joseph, declare as follows:

1.      I make this declaration based upon my understanding that the Office of the United States Trustee has assumed the responsibility for filing motions to reopen cases where the purpose of the same is to administer newly discovered assets.

2.      I served as the Chapter 7 Trustee in the bankruptcy case of American Eagle Financial, Inc., Case No. 8:99-bk-20881, which was commenced by the filing of a voluntary Chapter 7 petition on November 1, 1999 and which was closed on July 23, 2004.  Copies of the case docket and of my Final Report, approved on January 20, 2004 are attached hereto as Exhibits "1" and "2" respectively and incorporated herein by reference.

3.      My Final Report reflects that with respect to unsecured claims, I distributed at total of $248,012.92 for an 11.12 percent dividend.

4.      Prior to the filing, the Debtor apparently posted the sum of $88,343.02 with Amwest Surety Insurance Co. (now in liquidation in a state court proceeding in Kansas) to procure the issuance of a bond to secure the Debtor's obligations under a contract it had entered into with Bombardier Capital, Inc.

5.      I have retrieved copies of the Debtor's Schedule "B" from archives, have reviewed the same, and the Debtor's deposit with Amwest referred to in paragraph 4 above is not scheduled as an asset and I therefore do not believe that the asset was the subject of a technical abandonment pursuant to 11 U.S.C. § 554(c) upon the closing of the case.  A true and correct copy of the Debtor's Schedule "B" is attached hereto as Exhibit "3" and incorporated herein by reference.

6.      The Liquidator has advised me that Bombardier Capital, Inc. will be paid $35,618.25 in the state court liquidation in full satisfaction of its claim against the bond issued by Amwest.  After that payment and adjustments and expenses incurred with respect to the Bombardier Capital, Inc. claim, he advises that the sum of $51,035.19

1    remains available for return to the Debtor's estate, should the bankruptcy case be

2    reopened.

3        7.    A Trustee's statutory fees on the return sum I calculate at $2,551.75 and

4    expenses of distribution I estimate at $1,500.00.  Given the age of the case, I would

5    anticipate significant unclaimed dividends would be turned over to the Clerk of the

6    Court.

7        8.    Based on the above and assuming the Trustee proceeded in pro per

8    rather than employing counsel, then an additional dividend of 2.11 percent could be

9    expected.

10        9.    If the funds are not administered, the Liquidator intends to escheat them

11    to the state.

12        10.    I declare under penalty of perjury pursuant to the laws of the United

13    States of America that the foregoing is true and correct and that this declaration was

14    executed this 3rd day of December 2014 at Santa Ana, California.

15

16    _____

17    James J. Joseph

18

19

20

21

22

23

24

25

26

27

28

In re American Eagle Financial, Inc.
Chapter 7 Case No. 8:99-bk-20881

# DECLARATION OF JAMES J. JOSEPH

# EXHIBIT 1

CLOSED

# U.S. Bankruptcy Court
## Central District Of California (Santa Ana)
### Bankruptcy Petition #: 8:99-bk-20881-RA

| | |
|---|---|
| | *Date filed:* 11/01/1999 |
| *Assigned to:* Robert W. Alberts | *Date terminated:* 07/23/2004 |
| Chapter 7 | *Deadline for filing claims:* 05/30/2000 |
| Voluntary | *Deadline for filing claims (govt.):* 03/22/2000 |
| Asset | |

*Debtor*
**American Eagle Financial Inc**
120 S Chaparral Court Ste 150
Anaheim, CA 92808
ORANGE-CA
SSN / ITIN:
Tax ID / EIN: 33-0640434
*aka* **AMERICAN BUSINESS CREDIT**

represented by **Joel S. Miliband**
2211 Michelson Dr 7th Fl
Irvine, CA 92612
949-752-7100
Email: jmiliband@brownrudnick.com

*Trustee*
**James J Joseph (TR)**
200 W. Santa Ana Blvd., Suite 400
Santa Ana, CA 92701
(714) 569-3672

*Trustee*
**James J Joseph (TR)**
200 W. Santa Ana Blvd., Suite 400
Santa Ana, CA 92701
(714) 569-3672

| Filing Date | # | Docket Text |
|---|---|---|
| 11/01/1999 | 1 | Voluntary petition under chapter 7 [ASE] (Entered: 11/03/1999) |
| 11/01/1999 | 2 | Statement of related cases [ASE] (Entered: 11/03/1999) |
| 11/01/1999 | 3 | Notice of available chapters [ASE] (Entered: 11/03/1999) |
| 11/01/1999 | 4 | Disclosure of attorney fees [ASE] (Entered: 11/03/1999) |
| 11/01/1999 | 5 | Verification of creditor matrix [ASE] (Entered: 11/03/1999) |
| 11/01/1999 | 6 | Matrix [mailing list] [ASE] (Entered: 11/03/1999) |

| | | |
|---|---|---|
| 11/01/1999 | 7 | Attorney's state bar number on page 1 of petition form [ASE] (Entered: 11/03/1999) |
| 11/01/1999 | 8 | Corporate resolution authorizing filing of petitions [ASE] (Entered: 11/03/1999) |
| 11/01/1999 | 9 | Signature[s] page 2 of petition form B1 for attorney [ASE] (Entered: 11/03/1999) |
| 11/01/1999 | 10 | Case commencement deficiency notice Summary of Schedules; Signed Declaratn Re Sched; Declaration of Attorney AMENDED [ASE] (Entered: 11/03/1999) |
| 11/01/1999 | 11 | ORDER to comply with bankruptcy rule 1007 and notice of intent Schedule A; Schedule B; Schedule D; Schedule E; Schedule F; Schedule G; Schedule H; Statemt Financial Affairs [ASE] (Entered: 11/03/1999) |
| 11/01/1999 | 12 | Certificate of mailing RE: Item# 10 [ASE] (Entered: 11/03/1999) |
| 11/01/1999 | 13 | Certificate of mailing RE: Item# 11 [ASE] (Entered: 11/03/1999) |
| 11/04/1999 | 14 | Notice of 341a meeting [requested from BNC] hearing on 12/06/1999 at 09:00 a.m. at Ronald Reagan Federal Bldg, 411 W Fourth St, Room 3-110, Santa Ana, CA 92701[Rescheduled] [MCO] (Entered: 11/04/1999) |
| 11/07/1999 | 15 | Certificate of mailing RE: Item# 14 [BNC] (Entered: 11/09/1999) |
| 11/18/1999 | 16 | Application for extension of time to file schedules and/or plan isposed] ORDER approving application for extension of time to file schedules and/or plan DECEMBER 1, 1999 RE: Item# 1 [HAN] (Entered: 11/19/1999) |
| 11/19/1999 | 17 | Notice of appearance filed by creditor, Despatch Industries LP [ROQ] (Entered: 11/19/1999) |
| 11/24/1999 | 20 | Request for special notice filed by Applied P & CH Laboratories [ROQ] (Entered: 11/29/1999) |
| 11/26/1999 | 18 | Request for special notice filed by Konica Photo Service USA Inc [ROQ] (Entered: 11/29/1999) |

| | | |
|---|---|---|
| 11/26/1999 | 19 | Request for special notice filed by Bombardier Capital Inc [ROQ] (Entered: 11/29/1999) |
| 12/03/1999 | 21 | Request for special notice filed by Amplicon Inc [AMB] (Entered: 12/03/1999) |
| 12/03/1999 | 22 | ORDER and notice of dismissal for failure to file schedules, statements, or plan [requested from BNC] [ALL] (Entered: 12/03/1999) |
| 12/06/1999 | 23 | Request for special notice filed by Richard A Solomon attorney for creditor Textron Financial Corporation [SAN] (Entered: 12/07/1999) |
| 12/07/1999 | 24 | Application for extension of time to file schedules and/or plan [Disposed] ORDER approving application for extension of time to file schedules and/or plan - Time to file schedules and statement of affairs, extended through 12/9/99 and the Courts Order dismissing the case entered 12/3/99 is hereby vacated; with notice of entry attached [BLE] (Entered: 12/08/1999) |
| 12/08/1999 | 25 | Notice to creditors [requested from BNC] Notice is hereby given than an Order was entered 12/8/99 vacating the Order of dismissal previously entered on 12/3/99 RE: Item# 24 [BLE] (Entered: 12/08/1999) |
| 12/08/1999 | 26 | Certificate of mailing RE: Item# 22 [BNC] (Entered: 12/09/1999) |
| 12/11/1999 | 27 | Certificate of mailing RE: Item# 25 [BNC] (Entered: 12/13/1999) |
| 12/21/1999 | 28 | Application for extension of time to file schedules and/or plan on of time] RE: Item# 25[Disposed] ORDER approving application for extension of time to file schedules and/or plan [extension to 12/15/99] with notice of entry attached [HAN] (Entered: 12/22/1999) |
| 12/21/1999 | 29 | Application for extension of time to file schedules and/or plan ension] [Disposed] ORDER approving application for extension of time to file schedules and/or plan [further extended to 12/23/99] with notice of entry attached [HAN] (Entered: 12/22/1999) |
| 12/23/1999 | 30 | Declaration concerning debtor's schedules [BLE] (Entered: 12/27/1999) |

| 12/23/1999 | 31 | Summary of schedules [BLE] (Entered: 12/27/1999) |
|---|---|---|
| 12/23/1999 | 32 | Schedule A filed [BLE] (Entered: 12/27/1999) |
| 12/23/1999 | 33 | Schedule B filed [BLE] (Entered: 12/27/1999) |
| 12/23/1999 | 34 | Schedule D filed [BLE] (Entered: 12/27/1999) |
| 12/23/1999 | 35 | Schedule E filed [BLE] (Entered: 12/27/1999) |
| 12/23/1999 | 36 | Schedule F filed [BLE] (Entered: 12/27/1999) |
| 12/23/1999 | 37 | Schedule G filed [BLE] (Entered: 12/27/1999) |
| 12/23/1999 | 38 | Schedule H filed [BLE] (Entered: 12/27/1999) |
| 12/23/1999 | 39 | Statement of financial affairs [BLE] (Entered: 12/27/1999) |
| 12/23/1999 | 40 | Amendment/Amended verification of creditor matrix [BLE] (Entered: 12/27/1999) |
| 12/29/1999 | 41 | Request for special notice filed by James J Joseph [ROQ] (Entered: 12/29/1999) |
| 12/29/1999 | 42 | Notice of application of chapter 7 trustee, James J Joseph to employ general counsel, Danning, Gill, Diamond & Kollitz [BLE] (Entered: 01/03/2000) |
| 01/03/2000 | 43 | Trustee worksheet; meeting continued continued to 1/21/2000 at 12:00pm postponed to 01/21/2000 at 12:00 p.m. at Ronald Reagan Federal Bldg, 411 W Fourth St, Room 3-110, Santa Ana, CA 92701 RE: Item# 14[Rescheduled] [AMB] (Entered: 01/04/2000) |
| 01/03/2000 | 44 | Notice of continued meeting of creditors and appearance of debtor [11 usc 341[a]] continued to 1/21/2000 at 12:00pm [AMB] (Entered: 01/04/2000) |
| 01/07/2000 | 45 | Application to employ Danning, Gill, Diamond & Kollitz, general counsel for James J Joseph, chapter 7 trustee [Disposed] [BLE] (Entered: 01/10/2000) |
|  | 46 | Notice of motion & motion for relief from the automatic stay with supporting declarations PERSONAL PROPERTY PROPERTY: [SEE EXHIBIT A FOR DESCRIPTION OF EQUIPMENT] MOVANT: [COMMERCE SECURITY |

| | | |
|---|---|---|
| 01/12/2000 | | BANK] filing fee $75 receipt#000482 hearing on 02/08/2000 at 10:00 a.m. at Ronald Reagan Federal Bldg, 411 W Fourth St, Crtrm 6C, Santa Ana, CA 92701[Disposed] [KEN] (Entered: 01/13/2000) |
| 01/12/2000 | 47 | Declaration of Greg Coler in support of Commerce Security Bank's motion for relief from stay RE: Item# 46 [KEN] (Entered: 01/13/2000) |
| 01/19/2000 | 48 | Request for special notice filed by General Electric Capital Corporation [AMB] (Entered: 01/20/2000) |
| 01/19/2000 | 49 | Declaration of non-opposition to notice of employment application for Danning, Gill, Diamond & Kollitz; filed by Matthew F Kennedy, attorney for James J Joseph, chapter 7 trustee RE: Item# 45 [BLE] (Entered: 01/20/2000) |
| 01/21/2000 | 50 | Request for special notice filed by Wells Fargo Equipment Finance Inc [AMB] (Entered: 01/24/2000) |
| 01/21/2000 | 51 | Request for special notice filed by creditor Diversified Objectives Inc. [TAU] (Entered: 01/25/2000) |
| 01/25/2000 | 52 | Notice of appearance filed by Denise D Twinney, attorney for creditor, Curtis Equipment Company [BLE] (Entered: 01/26/2000) |
| 01/25/2000 | 53 | Request for special notice filed by creditor, Curtis Equipment Company [BLE] Original NIBS Entry Number: 52A (Entered: 01/26/2000) |
| 01/25/2000 | 54 | Request for special notice filed by Manufacturers Leasing Services Corporation [AMB] Original NIBS Entry Number: 53 (Entered: 01/26/2000) |
| 01/30/2000 | 55 | ORDER approving employment of professional Danning, Gill, Diamond & Kollitz, general counsel for James J Joseph, chapter 7 trustee; with notice of entry attached RE: Item# 45 [BLE] Original NIBS Entry Number: 54 (Entered: 01/31/2000) |
| 01/31/2000 | 56 | Notice of appointment and acceptance of trustee James J Joseph [AMB] Original NIBS Entry Number: 55 (Entered: 01/31/2000) |
| | 57 | Trustee worksheet; meeting continued amended statement of affairs postponed to 02/28/2000 at 12:00 p.m. at Ronald Reagan Federal Bldg, 411 W Fourth St, Room 3-110, Santa Ana, CA 92701 RE: Item# 43[Rescheduled] [AMB] Original NIBS Entry |

| 02/03/2000 | | Number: 56 (Entered: 02/04/2000) |
|---|---|---|
| 02/03/2000 | 58 | Notice of continued meeting of creditors and appearance of debtor [11 usc 341[a]] continued to 2/28/2000 at 12:00pm [AMB] Original NIBS Entry Number: 57 (Entered: 02/04/2000) |
| 02/08/2000 | 59 | ORDER granting [in whole or in part] relief from the automatic stay PERSONAL PROPERTY with notice of entry attached RE: Item# 46 [BLE] Original NIBS Entry Number: 58 (Entered: 02/08/2000) |
| 02/08/2000 | 60 | Hearing held - Motion Granted - [cr:maxo] RE: Item# 46 [BLE] Original NIBS Entry Number: 59 (Entered: 02/09/2000) |
| 02/17/2000 | 61 | Request for special notice filed by USA Tire Inc [AMB] Original NIBS Entry Number: 60 (Entered: 02/18/2000) |
| 02/28/2000 | 62 | Notification of asset case [BLE] Original NIBS Entry Number: 61 (Entered: 02/29/2000) |
| 02/28/2000 | 64 | Amendment/Amended statement of financial affairs RE: Item# 39 [BLE] Original NIBS Entry Number: 63 (Entered: 02/29/2000) |
| 02/29/2000 | 63 | Notice of possible dividend and order fixing time to file claims [requested from BNC] [CLAIMS DEADLINE: 5/30/2000] [BLE] Original NIBS Entry Number: 62 (Entered: 02/29/2000) |
| 03/03/2000 | 65 | Certificate of mailing RE: Item# 63 [BNC] Original NIBS Entry Number: 64 (Entered: 03/06/2000) |
| 03/15/2000 | 66 | Trustee worksheet; meeting continued due to non-appearance of debtor postponed to 04/10/2000 at 12:00 p.m. at Ronald Reagan Federal Bldg, 411 W Fourth St, Room 3-110, Santa Ana, CA 92701 RE: Item# 57 [AMB] Original NIBS Entry Number: 65 (Entered: 03/16/2000) |
| 03/15/2000 | 67 | Notice of continued meeting of creditors and appearance of debtor [11 usc 341[a]] continued to 4/10/2000 at 12:00pm [AMB] Original NIBS Entry Number: 66 (Entered: 03/16/2000) |
| 03/20/2000 | 68 | Request for special notice filed by Hanover Direct Inc [AMB] Original NIBS Entry Number: 67 (Entered: 03/20/2000) |
| | 69 | Motion/Application for examination under 2004 and obtain documents from Amwest Surety Insurance Company filed by the chapter 7 trustee, James J Joseph with proof of service |

| | | |
|---|---|---|
| 03/21/2000 | | attached [order submitted] [Disposed] [HAN] Original NIBS Entry Number: 68 (Entered: 03/23/2000) |
| 04/04/2000 | 70 | Request for special notice filed by Rexco Equipment Inc [AMB] Original NIBS Entry Number: 69 (Entered: 04/04/2000) |
| 04/18/2000 | 71 | Motion tion, for approval of trustee's budget #1; employment of field representative, authority to pay field representative up to $1,500, opportunity to request hearing; declaration of trustee; declaration of field representative; filed by James J Joseph, chapt er 7 trustee [Disposed] Original NIBS Entry Number: 70 ORDER granting/approving Trustee's motion approving budget #1, employment and authority to pay field representative; with notice of entry attached [BLE] Original NIBS Entry Number: 70 (Entered: 04/18/2000) |
| 04/18/2000 | 72 | Motion/Application for examination under 2004 and obtain documents from Amwest Surety Insurance Company; filed by James J Joseph, chapter 7 trustee [Disposed] [BLE] Original NIBS Entry Number: 71 (Entered: 04/19/2000) |
| 04/18/2000 | 73 | Memorandum of points and authorities RE: Item# 72 [BLE] Original NIBS Entry Number: 71A (Entered: 04/19/2000) |
| 04/18/2000 | 74 | Declaration of Steven E Smith in support thereof RE: Item# 72 [BLE] Original NIBS Entry Number: 71B (Entered: 04/19/2000) |
| 04/19/2000 | 75 | Motion/Application for examination under 2004 and obtain documents from Frontier Insurance Company; filed by James J Joseph, chapter 7 trustee [Disposed] [BLE] Original NIBS Entry Number: 72 (Entered: 04/20/2000) |
| 04/19/2000 | 76 | Memorandum of points and authorities [BLE] Original NIBS Entry Number: 72A (Entered: 04/20/2000) |
| 04/19/2000 | 77 | Declaration of Steven E Smith in support thereof; filed by James J Joseph, chapter 7 trustee RE: Item# 75 [BLE] Original NIBS Entry Number: 72B (Entered: 04/20/2000) |
| 04/20/2000 | 78 | Request for special notice filed by creditor Robert J Friedland [EEA] Original NIBS Entry Number: 73 (Entered: 04/21/2000) |
| 04/25/2000 | 79 | Trustee worksheet; meeting concluded [AMB] Original NIBS Entry Number: 74 (Entered: 04/26/2000) |
| | 80 | ORDER for examination under 2004 GRANTED to the extent, |

| 04/25/2000 | | if any, not privileged; with notice of entry attached RE: Item# 75 [BLE] Original NIBS Entry Number: 75 (Entered: 04/27/2000) |
|---|---|---|
| 04/26/2000 | 81 | ORDER for examination under 2004 GRANTED to the extent, if any, not privileged; with notice of entry attached RE: Item# 75 [BLE] Original NIBS Entry Number: 76 [DISPOSED] RE: Item# 72 [HAN] Original NIBS Entry Number: 76 (Entered: 04/27/2000) |
| 05/17/2000 | 82 | Request for special notice filed by Frontier Pacific Insurance Company [AMB] Original NIBS Entry Number: 77 (Entered: 05/18/2000) |
| 05/19/2000 | 83 | Motion authorizing chapter 7 trustee's conveyance of estate's interest in equipment at lease termination; filed by James J Joseph [Disposed] [BLE] Original NIBS Entry Number: 78 (Entered: 05/19/2000) |
| 05/19/2000 | 84 | Memorandum of points and authorities RE: Item# 83 [BLE] Original NIBS Entry Number: 78A (Entered: 05/19/2000) |
| 05/19/2000 | 85 | Declaration James J Joseph in support thereof RE: Item# 83 [BLE] Original NIBS Entry Number: 78B (Entered: 05/19/2000) |
| 05/19/2000 | 86 | Notice of motion/application filed by James J Joseph, chapter 7 trustee [No hearing set] RE: Item# 83 [BLE] Original NIBS Entry Number: 79 (Entered: 05/19/2000) |
| 06/22/2000 | 87 | Declaration Re: Non-opposition to motion for an order authorizing chapter 7 trustee's conveyance of estate's interest in equipment at lease termination; filed by James J Joseph, chapter 7 trustee RE: Item# 83 [BLE] Original NIBS Entry Number: 80 (Entered: 06/29/2000) |
| 06/30/2000 | 88 | ORDER denying motion re conveyance, without prejudice [because the notice did not disclose proposed "blanket" authority to discount option prices] with notice of entry attache RE: Item# 83 [HAN] Original NIBS Entry Number: 81 (Entered: 07/05/2000) |
| 08/15/2000 | 89 | Notice of resetting of date of examination of Amwest Surety Insurance Company pursuant to FRBP 2004; filed by James J Joseph, chapter 7 trustee RE: Item# 72 [BLE] Original NIBS Entry Number: 82 (Entered: 08/16/2000) |

| | | | |
|---|---|---|---|
| 08/15/2000 | 90 | Notice of resetting date of examination of Frontier Insurance Company pursuant to FRBP 2004; filed by James J Joseph, chapter 7 trustee RE: Item# 75 [BLE] Original NIBS Entry Number: 83 (Entered: 08/16/2000) | |
| 09/14/2000 | 91 | Notice of second resetting of date of examination of Amwest Surety Insurance Company pursuant to Federal Rule of Bankruptcy Procedure 2004; filed by James J Joseph, Chapter 7 trustee RE: Item# 72 [BLE] Original NIBS Entry Number: 84 (Entered: 09/18/2000) | |
| 10/06/2000 | 92 | Notice filed by James J Joseph, of second resetting of date of examination of Frontier Insurance Company pursuant to FRBP 2004 with proof of service attached RE: Item# 75 [HAN] Original NIBS Entry Number: 85 (Entered: 10/10/2000) | |
| 12/08/2000 | 93 | Notice of intended sale by chapter 7 trustee's estate's interest in leases and equipment at lease termination; filed by James J Joseph, chapter 7 trustee [BLE] Original NIBS Entry Number: 86 (Entered: 12/11/2000) | |
| 12/26/2000 | 95 | Notice of hearing Filed by James J Joseph, Chapter 7 Trustee hearing on 01/17/2001 at 2:00 p.m. at Ronald Reagan Federal Bldg, 411 W Fourth St, Crtrm 6C, Santa Ana, CA 92701 RE: Item# 94 [KEN] Original NIBS Entry Number: 88 (Entered: 12/28/2000) | |
| 12/27/2000 | 94 | Motion for authority to compromise [Bombardier], filed by James J Joseph, Chapter 7 Trustee hearing on 01/17/2001 at 2:00 p.m. at Ronald Reagan Federal Bldg, 411 W Fourth St, Crtrm 6C, Santa Ana, CA 92701 [Disposed] [KEN] Original NIBS Entry Number: 87 (Entered: 12/28/2000) | |
| 12/27/2000 | 96 | Notice of corrected date for hearing on motion [Bombardier] filed by James J Joseph with proof of service attached RE: Item# 94 [HAN] Original NIBS Entry Number: 89 (Entered: 01/02/2001) | |
| 01/17/2001 | 97 | Hearing held MOTION FOR AUTHORITY TO COMPROMISE [BOMBARDIER] - Motion granted, by default. Movant to present order accordingly. [cr: maxo] RE: Item# 94 [KEN] Original NIBS Entry Number: 90 (Entered: 01/18/2001) | |
| 01/19/2001 | 98 | ORDER granting/approving Compromise with Bombardier; with Notice of Entry attached RE: Item# 94 [DAN] Original NIBS Entry Number: 91 (Entered: 01/22/2001) | |

| | | |
|---|---|---|
| 02/16/2001 | 99 | Request for special notice and inclusion in notification list filed by Chicago Pneumatic Tool Company with proof of service attached [No Hearing Set] [MCA] Original NIBS Entry Number: 92 (Entered: 02/20/2001) |
| 03/22/2001 | <u>100</u> | Motion of cash disbursements by the Trustee; opportunity to request hearing; declaration of Trustee; filed by James J Joseph, chapter 7 trustee, with notice [Disposed] Original NIBS Entry Number: 93<br>ORDER granting/approving Trustee's motion for approval of cash disbursements and opportunity to request hearing [BLE] Original NIBS Entry Number: 93 (Entered: 03/23/2001) |
| 04/05/2001 | 101 | Request for special notice filed by creditor RH Foster Inc. [FRA] Original NIBS Entry Number: 94 (Entered: 04/06/2001) |
| 04/23/2001 | 102 | Notice of sale of estate property /Trustee's certificate of sale filed by James J Joseph, chapter 7 trustee [No Hering Required] RE: Item# 93 [MCA] Original NIBS Entry Number: 95 (Entered: 04/25/2001) |
| 04/05/2002 | 103 | Request for special notice filed by creditor Robert J friedland [FRA] Original NIBS Entry Number: 96 (Entered: 04/08/2002) |
| 05/13/2002 | 104 | Notice of amendment to claim no. 6 of Konica Photo Services USA, Inc; filed by James J Joseph, Ch 7 Trustee [REI] Original NIBS Entry Number: 97 (Entered: 05/14/2002) |
| 06/04/2002 | 105 | Request for special notice filed by creditor Datasul Inc [TSH] Original NIBS Entry Number: 98 (Entered: 06/05/2002) |
| 06/14/2002 | <u>106</u> | Stipulation by and between James J. Joseph, Ch. 7 Trustee and Wells Fargo Equipment Finance, Inc. to amend claim no. 25 of Wells Fargo Equipment Finance, Inc. [no hearing required] [Disposed] [REI] Original NIBS Entry Number: 99 (Entered: 06/18/2002) |
| 06/14/2002 | <u>107</u> | ORDER granting/approving stipulation - Cl. #25 of Well Fargo Equipment Finance Inc. shall be allowed as a Ch. 7 administrative priority claim in the sum of $5,971 only and the remainder of its claim in the sum of $47,823.74 shall be allowed as a general unsecured claim [with not ice of entry] RE: Item# 106 [REI] Original NIBS Entry Number: 99A (Entered: 06/18/2002) |
| | 108 | Notice of amendment to Claim No. 43 of Sierra Vista, LLC filed by Chapter 7 trustee, James J Joseph [no hearing required] |

| 06/28/2002 | | [HAN] Original NIBS Entry Number: 100 (Entered: 07/02/2002) |
|---|---|---|
| 11/25/2002 | 109 | Notice to professionals of scheduled hearing date for interim fee applications; hearing date: January 16, 2003 @ 11:00am; filed by Ch. 7 Trustee [REI] Original NIBS Entry Number: 101 (Entered: 11/26/2002) |
| 12/06/2002 | 110 | Application for payment of interim or final fees and/or expenses for Kenneth B. Roelke & Associates, Inc., Field Representative to Chapter 7 Trustee; Fees $8,291.50; Costs $20.69 [11/1/99 - 3/31/01]. [First and Final Application] hearing on 01/16/2003 at 11:00 a.m. at Ronald Reagan Federal Bldg, 411 W Fourth St, Crtr m 6C, Santa Ana, CA 92701[Disposed] [MCA] Original NIBS Entry Number: 102 (Entered: 12/10/2002) |
| 12/18/2002 | 111 | Application for payment of interim or final fees and/or expenses of DANNING, GILL, DIAMOND & KOLLITZ, LLP, Attorneys for James J Joseph, Chapter 7 Trustee; fees $51,023.50; expenses 3,233.64 [12-3-99 - 11-30-02] First Interim Application. hearing on 01/16/2003 at 11:00 a.m. at Ronald Reagan Federal Bldg, 411 W Fourth St, Crtrm 6C, Santa Ana, CA 92701[Disposed] [KEN] Original NIBS Entry Number: 103 (Entered: 12/18/2002) |
| 12/18/2002 | 112 | Notice of hearing Filed by Danning, Gill, Diamond & Kollitz, LLP hearing on 01/16/2003 at 11:00 a.m. at Ronald Reagan Federal Bldg, 411 W Fourth St, Crtrm 6C, Santa Ana, CA 92701 RE: Item# 111 [KEN] Original NIBS Entry Number: 104 (Entered: 12/18/2002) |
| 01/16/2003 | 113 | Hearing held Re First and final motion for compensation [Kenneth B. Roelke & Associates, Inc.] - Motion granted for reasons urged and by default. Trustee's attorney to present order accordingly - [cr:reid] RE: Item# 110 [MAX] Original NIBS Entry Number: 105 (Entered: 01/17/2003) |
| 01/16/2003 | 114 | Hearing held Re First interim motion for compensation and reimbursement of expenses [Danning, Gil, Diamond & Kollitz, LLP.] - Motion granted for reasons urged and by default. Movant to present order accordingly - [cr:reid] RE: Item# 111 [MAX] Original NIBS Entry Num ber: 106 (Entered: 01/17/2003) |
| | 115 | ORDER re: application for fees, expenses or compensation GRANTED to Danning-Gill [INTERIM] $51,023.50 in fees, $3,233.64 in costs; GRANTED to Kenneth B. Roelke & Associates [FINAL] $8,291.50 in fees, $20.69 in costs [see |

| 01/28/2003 | | Order for further ruling] [with notice of entry] RE: Item# 110 [REI] Original NIBS Entry Number: 107 (Entered: 01/30/2003) |
| 01/30/2003 | 116 | [DISPOSED] RE: Item# 111 [REI] Original NIBS Entry Number: 108 (Entered: 01/30/2003) |
| 03/27/2003 | 117 | Stipulation and ORDER thereon filed by and between James J. Joseph, Chapter 7 Trustee and Textron Finance Corporation to avoid Judgment Lien in favor of Textron Finance Corporation; notice of entry attached [STE] Original NIBS Entry Number: 109 (Entered: 03/28/2003) |
| 03/27/2003 | 118 | Notice of amendment to claim no. 7 of Despatch, Industries, LP; filed by James J. Joseph, Chapter 7 Trustee [STE] Original NIBS Entry Number: 110 (Entered: 03/28/2003) |
| 04/11/2003 | 119 | Objection to claim NOS. 22,26,33,41,48,53,54,55,56,57 AND 58; filed by James J Joseph, Chapter 7 Trustee; with notice of hearing on objections; memorandum of points and authorities; declaration of Aracelli P. Panta in support thereof hearing on 05/21/2003 at 11:00 a.m. at Ronald Reagan Federal Bldg, 411 W Fourth St, Crtrm 6C, Santa Ana, CA 92701[Disposed] [KEN] Original NIBS Entry Number: 111 (Entered: 04/14/2003) |
| 04/30/2003 | 120 | Change of address filed by creditor Amplicon Inc. [FLM] Original NIBS Entry Number: 112 (Entered: 04/30/2003) |
| 05/07/2003 | 121 | Response to objection by Trustee to Cl. No. 58; filed by Amwest Surety Insurance Company RE: Item# 119 [REI] Original NIBS Entry Number: 113 (Entered: 05/08/2003) |
| 05/14/2003 | 122 | Reply to reponses filed by Amwest Surety Insurance Company [Claim No. 58]; filed by James J. Joseph, Chapter 7 Trustee RE: Item# 119 [MAX] Original NIBS Entry Number: 114 (Entered: 05/15/2003) |
| 05/21/2003 | 123 | Hearing held Motion objecting to allowance of claims Nos: 22, 26, 33, 41, 48, 53, 54, 55, 56, 57 and 58 - MOTION GRANTED FOR REASONS URGED AND BY DEFAULT as to all claims except claim 58 of Amwest Surety Insurance Company. Amwest Claim allowed as tardy, General Unsec ured claim for $35,618.25, only. Movant to present order accordingly. [cr: reid] RE: Item# 119 [KEN] Original NIBS Entry Number: 115 (Entered: 05/22/2003) |
| | 124 | ORDER allowing and disallowing claim[s] sustaining the |

| | | |
|---|---|---|
| 06/10/2003 | | trustee's objections; Claims # 22, 26, 33, 41, 48, 54, 55 are disallowed; Claim # 53, 56, 58 are allowed as tardily filed; Claim # 57 is allowed as a priority wage claim in the amount of $4,300 only; certificate re notice; notice of entry and certificate of mailing attached RE: Item# 119 [HAN] Original NIBS Entry Number: 116 (Entered: 06/11/2003) |
| 07/29/2003 | 125 | Notice to professionals to file application for compensation [DAN] Original NIBS Entry Number: 117 (Entered: 07/30/2003) |
| 07/29/2003 | 126 | Request for court costs filed by James J. Joseph, Chapter 7 Trustee [DAN] Original NIBS Entry Number: 118 (Entered: 07/30/2003) |
| 08/04/2003 | 127 | Notice to pay court costs with certificate of mailing PAYOR: JAMES J. JOSEPH AMOUNT: $0.00 [DAN] Original NIBS Entry Number: 119 (Entered: 08/04/2003) |
| 08/28/2003 | 128 | Application for payment of interim or final fees and/or expenses filed by Danning Gill Diamond & Kollitz LLP, counsel to the trustee, James Joseph [fees $64,858.50 and expenses of $4,659.71] with certificate re notice and proof of service attached [hearing to be set by the Court] [Disposed] [HAN] Original NIBS Entry Number: 120 (Entered: 08/29/2003) |
| 09/29/2003 | 129 | Notice by James J Joseph of submission of trustee's Final Report to the Office of the US Trustee on September 11, 2003 [HAN] Original NIBS Entry Number: 121 (Entered: 09/30/2003) |
| 10/20/2003 | 130 | Trustee's final report; application for trustee fees and expenses; report of proposed distribution filed by the chapter 7 trustee, James J Joseph [trustee total fee of $21,507.27 and expenses $698.26]; no objection comment and declaration of the US Trustee attached [Hearing requested] [HAN] Original NIBS Entry Number: 122 (Entered: 10/21/2003) |
| 11/13/2003 | 131 | Notice of filing of trustee's final report and hearing on application for approval of professional fees and expenses-BNC hearing on 01/14/2004 at 2:30 p.m. at Ronald Reagan Federal Bldg, 411 W Fourth St, Crtrm 6C, Santa Ana, CA 92701 RE: Item# 130 [DER] Original NIBS Entry Number: 123 (Entered: 11/13/2003) |
| 11/19/2003 | 132 | Certificate of mailing RE: Item# 131 [DER] Original NIBS Entry Number: 124 (Entered: 11/19/2003) |
| | | |

| | | | |
|---|---|---|---|
| 01/14/2004 | 133 | Hearing held Trustee's final report and hearing on application for approval of professional fees and expenses - Fees and expenses allowed as prayed, for reasons urged. Court to prepare order accordingly. [cr: reid] RE: Item# 130 [KEN] Original NIBS Entry Number: 125 (Entered: 01/15/2004) | |
| 01/14/2004 | 134 | Hearing held Motion for approval of professional fees and expenses - Danning, Gill, Diamond & Kollitz - Fees and expenses allowed as prayed, for reasons urged. Court to prepare order a ccordingly. [cr: reid] RE: Item# 128 [KEN] Original NIBS Entry Number: 126 (Entered: 01/15/2004) | |
| 01/20/2004 | 135 | ORDER allowing administrative claims, professional fees and expenses, trustee fees and expenses - Professional Fees and Expenses - Danning, Gill, Diamond & Kollitz, LLP, Attorney for Trustee, Fees: $64,858.50 and Expenses: $4,659.71; Trustee Fees and Expenses - James J. Joseph, Chapter 7 Trustee, Fees: $21,507.27; Expenses: $2,553.35 and Bond: $669 .74; with certificate of mailing RE: Item# 128 [MAX] Original NIBS Entry Number: 127 (Entered: 01/20/2004) | |
| 04/28/2004 | 136 | Notice of unclaimed dividend[s] [under FRBP 3011] Check No. 1070 in the sum of $841.66 [KEN] Original NIBS Entry Number: 128 (Entered: 04/28/2004) | |
| 07/14/2004 | 137 | Trustee's final acct., Cert. that estate fully adm. & has zero bal., Dist. rpt. for closed asset case & Appl. for Disch. [KEN] Original NIBS Entry Number: 129 (Entered: 07/14/2004) | |
| 07/23/2004 | 138 | ORDER closing case [HAN] Original NIBS Entry Number: 130 (Entered: 07/23/2004) | |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/17/2014 15:04:53 | | |
| PACER Login: | jj2005:3388864:0 | Client Code: |
| Description: | Docket Report | Search Criteria: | 8:99-bk-20881-RA Fil or Ent: filed From: 01/01/1980 To: 10/17/2014 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |

| Billable Pages: | 8 | Cost: | 0.80 |
|---|---|---|---|

In re American Eagle Financial, Inc.
Chapter 7 Case No. 8:99-bk-20881

# DECLARATION OF JAMES J. JOSEPH

# EXHIBIT 2

1 | James J. Joseph (State Bar No. 053840)
2029 Century Park East, Third Floor
2 | Los Angeles, CA  90067-2904
Telephone: (310) 277-0077
3 | Facsimile: (310) 277-5735

4 | CHAPTER 7 TRUSTEE

5

6

7 | UNITED STATES BANKRUPTCY COURT

8 | CENTRAL DISTRICT OF CALIFORNIA

9 | SANTA ANA DIVISION

10

11 | In re                              ) Case No. SA-99-20881-RA
                                       )      [Chapter 7]
12 | AMERICAN EAGLE FINANCIAL, INC.  )
                                       ) TRUSTEE'S FINAL REPORT;
13 |                                   ) APPLICATION FOR TRUSTEE FEE AND
                   Debtor(s).          ) EXPENSES; REPORT OF PROPOSED
14 |                                   ) DISTRIBUTION
                                       )
15 |                                   ) HEARING REQUESTED
                                       )
16 | _____ )

17

18 |     TO THE HONORABLE ROBERT ALBERTS , UNITED STATES BANKRUPTCY

JUDGE, TO THE UNITED STATES TRUSTEE, AND TO OTHER PARTIES IN
19
INTEREST:
20
     James J. Joseph was appointed trustee in this case on
21
November 1, 1999 and certifies to the Court and the United States
22
Trustee that this estate has been fully administered in accordance
23
with the provision of 11 U.S.C. 704; the trustee's fees and
24
expenses are reasonable and necessary as specified in 11 U.S.C.
25
326; and the proposed distribution is consistent with 11 U.S.C.
26
726 and applicable rules of the Court.  The trustee also
27
respectfully represents that:
28

-1-

**018**

1.     The time for filing claims in this case expired on May 30, 2000.   The trustee has examined all claims, and objections have been determined by the Court as required.   The allowed claims for which the trustee expects to pay a dividend are reflected below:

| | |
|---|---|
| Administrative Claims: | $5,971.66 |
| Priority Claims: | $8,600.00 |
| Secured Claims: | $0.00 |
| Unsecured Claims: | $2,219,368.59 |
| **Total** | $2,233,940.25 |
| Miscellaneous Court Costs: | $0.00 |
| U.S. Trustee Fees: | $0.00 |

2.     To the best of the trustee's knowledge, all professionals employed by the estate have been notified to file applications for compensation.   The bar date for filing applications for compensation was August 19, 2003.

3.     The following narrative statement of the case includes a summary of the major actions taken by the trustee and the relevant justification of these actions.

3.1   This case was commenced on November 1, 1999 when American Eagle Financial, Inc.( the "Debtor") filed a voluntary Chapter 7 petition.   James J. Joseph was appointed as the Chapter 7 Trustee, and is the duly acting and qualified Chapter 7 Trustee ("Trustee").

3.2   The Debtor was a lessor of personal property.   In the ordinary course of its business, the Debtor would assign the stream of payments to a lender in exchange for a payment of the

-2-

**019**

present value of those payments.  Bombardier Capital Inc. ("BCI")
purchased the stream of payments on a number of leases owned by
the Debtor.  The assignment of the streams of payments was done on
a non-recourse basis.  However, in the event that the lessee
defaulted on the lease, BCI had the rights to liquidate the leased
equipment.

3.3  During the lease, the Debtor remained as the owner
of the leased equipment.  At the end of the lease term, the lessee
was obligated to return the equipment to the Debtor.  In many
leases, the Debtor pre-negotiated the value of the leased
equipment at the end of the lease term and the lessee had the
option to buy the equipment at that pre-set option price at the
end of the lease term.  In some cases it was $1.00, in other cases
it was 10% of the original equipment cost.  In some cases, the
option price had not been previously negotiated.

3.4  BCI had recorded a UCC-1 Financing Statement within
90 days prior to commencement of this case, which appeared to be a
clear preference.

3.5  BCI also filed a proof of claim in the amount of
$24 million, which was the total amount due to it on the stream of
payments on the leases that had been assigned to BCI.  BCI had
estimated that the Debtor had been indebted to BCI for certain
breaches of warranties in an amount estimated to be between $1.5
and $7.0 million.  The Trustee believed that the ultimate amount
of BCI's claim was approximately $1 million.

-3-

**020**

3.6    In an effort to avoid litigation, the Trustee and his counsel commenced negotiations with BCI concerning the leases. The negotiations were successful and, with counsel's assistance, the Trustee eventually settled the claim he asserted against BCI. In summary, the terms of the settlement were as follows:

BCI would: (i) pay $220,000 cash to the Trustee, (ii) release its security interest in the Debtor's equipment, except on the equipment on the leases assigned to it, and (iii) waive any claims in this case;

The Trustee would sell BCI the equipment subject to leases where BCI had been sold the stream of payments, without warranty;

3.7    The motion for approval was filed with the bankruptcy court and approved by the Court on January 22, 2001.

3.8    With respect to those leases where the stream of payments had been assigned to financial institutions other than BCI, the Trustee, through counsel, wrote letters to each of the lessors requesting that they identify and provide current payment statuses for the leases.  He then reviewed and analyzed the responses received including any documentation provided by the lessors.

3.9    Counsel for the Trustee communicated with potential buyers of such leases, including North American Capital, who expressed an interest in purchasing same from the estate.  The Trustee and his counsel provided them with all available

-4-

**021**

information and entered into negotiations with them.  The Trustee

eventually agreed to sell the leases for $50,000 to North American

Capital.  The Trustee filed a Notice of Intended Sale of Estate's

interest in Leases and Equipment at Lease Termination pursuant to

Local Bankruptcy 6004-1(b) in order to complete the transaction.

3.10 Since his appointment, the Trustee has been

collecting lease payments from Garden City Fuel Stop ("Garden

City").  Garden City attempted to exercise an option to purchase

the ATM machine upon completion of Garden City's obligation on its

lease agreement.  However, the Trustee's records reflected that

the term of the lease was from October, 1998 through July of 2003

and Garden City still owed the Trustee several payments, including

a few missed payments, in the approximate amount of $5,000.

3.11 Several attempts were made to communicate with

Garden City's counsel regarding payments due, but to no avail.

The Trustee then determined that, considering the potential amount

of recovery, further efforts to attempt to collect would not

benefit the estate.  The Trustee will abandon this property at the

close of this case (final asset).

3.12 The claims bar date set for this case was May 30,

2000.  The Trustee reviewed claims filed against the estate.  The

Trustee's review and analysis of the Court's files revealed that

there were multiple claims filed as priority or secured claims,

but said claims did not attach documents, or set forth facts in

support of a priority or secured claim.  In addition, a large

022

number of claims did not have supporting documentation attached to the claims, there were several late filed and duplicate claims and one claim was filed as an administrative priority claim.  Before filing its objections with the Court, counsel for the Trustee sent correspondence to all creditors who filed secured, priority, duplicate or administrative claims, requesting verification of the claim, and if applicable, to provide documentation in support of the claim.  Several responses were received.  The Trustee filed notices or stipulations with the Court regarding the withdrawal or amendments to claims. For those creditors who did not respond to the Trustee's request, objections to claims were prepared.

3.13 The Trustee filed objections to eleven (11) claims. All of the objections were sustained save one claim filed by Amwest Surety Company because the parties entered into a stipulation.

3.14 There is no taxable income to the estate, therefore, the Trustee did not employ accountants to prepare the tax returns.  The Trustee filed his Notice to Professionals on July 29, 2003.

///

///

///

///

///

1   4. During the course of administering the estate, the

2 trustee had the following monetary activity:

3     Receipts    $365,145.34

4     Disbursements   $65,094.16

5     Balance on Hand  $300,051.18[1]

6   5. The trustee's maximum statutory fee in this case is the

7 sum of $21,507.27 based upon total disbursements of $365,145.34.

8 Exhibit "E" reflects that the trustee and his paralegal staff

9 expended 125.40 hours for total fees of $39,692.00. The

10 trustee's actual expenses in this case are in the amount of

11 $698.26 as shown in Exhibit "E".

12   6. Applicant is the principal of a professional law

13 corporation which is of counsel to the law firm of DANNING GILL

14 DIAMOND & KOLLITZ LLP, a limited liability partnership composed of

15 professional corporations. Whatever fee he may be allowed in this

16 case will be shared with the partnership and the partners. With

17 that exception, no agreement or understanding exists for a

18 division of fees to be received herein between your applicant and

19 any person whosoever.

20   7. All property of the estate has been inventoried,

21 collected and liquidated, abandoned or returned to the debtor,

22 pursuant to court order, except the following asset(s) which the

23 trustee requests be abandoned: NONE

24   8. Attached are:

25   EXHIBIT A -  Form 1  Individual Estate Property Record

26           and Report;

27

28

---

[1] Funds remain in interest-bearing account. The trustee will not seek statutory fees on the interest earned after submission of final report. The additional interest will be distributed to creditors accordingly.

024

| | | |
|---|---|---|
| 1 | EXHIBIT B - | Form 2    Cash Receipts and Disbursements |
| 2 | | Record with Bank Reconciliation Form |
| 3 | | and current bank statement; |
| 4 | EXHIBIT C - | Summary of Receipts and Disbursements; |
| 5 | EXHIBIT D - | Trustee's Statement of Activities; |
| 6 | EXHIBIT E - | Trustee's Time Record, if applicable, |
| 7 | | Trustee's Request for Expenses; |
| 8 | EXHIBIT F - | Annotated copy of the creditors register; |
| 9 | EXHIBIT G - | Trustee's Report of Proposed Distributions; |
| 10 | EXHIBIT H - | Copies of tax clearance letters from IRS and |
| 11 | | Franchise Tax Board, if applicable; |
| 12 | EXHIBIT I - | Copies of all escrow statements with respect |
| 13 | | to real property and liquor licenses, if |
| 14 | | applicable. |

WHEREFORE, Applicant, the Chapter 7 Trustee prays that:

(1)  The expenses heretofore paid be approved;

(2)  The Chapter 7 Trustee be allowed total fee of $21,507.27 and additional expenses of $698.26;

(3)  After distributions have been made to creditors, the Chapter 7 Trustee be discharged from this case, and that his bond be exonerated;

(4)  The Chapter 7 Trustee be granted all other proper relief.

DATED: September _____, 2003

_____
James J. Joseph
Chapter 7 Trustee

-8-

**025**

CASH RECEIPTS AND DISBURSEMENTS RECORD
(FORM 2) BANK AND RECONCILIATION FORM
MONEY MARKET ACCOUNT NO. 3754884485
_____

(A)   **ENTER**
      The BALANCE shown on the Bank Statement
      submitted for period ending 7/31/03          $        26,119.58


(B)   **ADD**
      Any deposits or transfers listed in the
      Cash Receipts and Disbursements Record
      (Form 2) which are not shown on the
      Bank Statement:

      Date Deposited                        Amount

      8/29/03                       $        4.43
      9/4/03                        $        5.00
      9/4/03                        $273,922.17

                        TOTAL OF (B)--------------- $     273,931.60

**(C)   CALCULATE THE SUBTOTAL (A+B) -------------- $     300,051.18**

(D)   **SUBTRACT**
      Any outstanding checks and withdrawals
      which are not shown on the Bank Statement:

      Check Dated        Check No.            Amount


                        TOTAL OF (D)--------------- $           0.00

(E)   CALCULATE THE ENDING BALANCE (C-D)
      This amount should be the same as the
      current balance shown in the Cash Receipts
      and Disbursements Record (Form 2)--------- $     300,051.18

**EXHIBIT "B"**

**026**

SUMMARY OF RECEIPTS AND DISBURSEMENTS

1.   RECEIPTS:

| | |
|---|---|
| Accounts Receivable | $346,786.68 |
| Refunds | $134.46 |
| Interest Earned | $18,224.20 |

| | | |
|---|---|---|
| **TOTAL RECEIPTS:** | **A.** | **$365,145.34** |

2.   DISBURSEMENTS

| | |
|---|---|
| Bond Payments | $669.74 |
| Storage Charges | $554.11 |
| Other Chapter 7 Administrative Expenses | $1,300.98 |
| Attorney for Trustee Fees<br>**Danning, Gill, Diamond & Kollitz, LLP** | $51,023.50 |
| Attorney for Trustee Expenses<br>**Danning, Gill, Diamond & Kollitz, LLP** | $3,233.64 |
| Field Representative Fees<br>**Kenneth B. Roelke & Associates** | $8,291.50 |
| Field Representative Fees<br>**Kenneth B. Roelke & Associates** | $20.69 |

| | | |
|---|---|---|
| **TOTAL DISBURSEMENTS:** | **B.** | **$65,094.16** |
| **CASH BALANCE ON HAND:** | **C.** | **$300,051.18[1]** |

PROJECTED DISBURSEMENTS

| | | |
|---|---|---|
| Chapter 7 Trustee | | $22,205.53 |
|   Trustee Fees, Chapter 7 | $21,507.27 | |
|   Trustee Expenses, Chapter 7 | $698.26 | |
| Professional Fees & Expenses<br>  Danning, Gill, Diamond & Kollitz, LLP<br>  Attorneys For Trustee | | $15,261.07 |
|     Fees | $13,835.00 | |
|     Expenses | $1,426.07 | |

---

[1] Funds remain in interest-bearing account. The Trustee will not seek statutory fees on the interest earned after submission of final report. The additional interest will be distributed to creditors accordingly.

**EXHIBIT "C"**

**027**

Miscellaneous Court Costs & Fees                              $0.00

U.S. Trustee Quarterly Fee:                                  $0.00

**FUNDS AVAILABLE FOR CREDITORS**                      $262,584.58

**TOTAL PROJECTED DISBURSEMENTS**          D.          **$300,051.18**

**TOTAL OF ALL DISBURSEMENTS**             E.          **$365,145.34**

**EXHIBIT "C"**

**028**

**Trustee: James J. Joseph**

**Case Account Summary**

**Page No: 2**

| | | | As of September 5, 2003 | |
|---|---|---|---|---|
| | | Receipts | Disbursements | Balance |

**Case Number:** SA-99-20881-RA
**Case Name:** INC. AMERICAN EAGLE FINANCIAL
**Tax ID:** 33-0604034
**Period Beginning:** November 1, 1999
**Period Ending:** September 5, 2003

| | | Receipts | Disbursements | Balance |
|---|---|---|---|---|
| **Account Number:** | 1891589945 | | | |
| **Bank Name:** | Comerica Bank | | | |
| **Account Type:** | CK | | | |
| **Account Name:** | GENERAL CHECKING, IB30113136 | 346,183.74 | 346,183.74 | 0.00 |
| **Account Balance:** | | | | |
| **Interest Rate:** | | | | |
| **Account Number:** | 1891596882 | | | |
| **Bank Name:** | Comerica Bank | | | |
| **Account Type:** | MM | | | |
| **Account Name:** | MONEY MARKET, IB30325516 | 328,289.88 | 328,289.88 | 0.00 |
| **Account Balance:** | | | | |
| **Interest Rate:** | | | | |
| **Account Number:** | 1891597088 | | | |
| **Bank Name:** | Comerica Bank | | | |
| **Account Type:** | MM | | | |
| **Account Name:** | SALE OF NON "BOMBADIER" RESIDUALS, | 25,620.64 | 25,620.64 | 0.00 |
| **Account Balance:** | | | | |
| **Interest Rate:** | | | | |
| **Account Number:** | 3754873690 | | | |
| **Bank Name:** | BANK OF AMERICA, N.A. | | | |
| **Account Type:** | CK | | | |
| **Account Name:** | GENERAL ACCOUNT | 339,529.85 | 339,529.85 | 0.00 |
| **Account Balance:** | | | | |
| **Interest Rate:** | | | | |
| **Account Number:** | 3754876697 | | | |
| **Bank Name:** | BANK OF AMERICA, N.A. | | | |
| **Account Type:** | CD | | | |
| **Account Name:** | TIP ACCOUNT | 337,096.78 | 337,096.78 | 0.00 |
| **Account Balance:** | | | | |
| **Interest Rate:** | | | | |

Receipts and Disbursements listed on this account summary report include all bank transactions credited and debited on account statements. These figures do not reflect trustee compensability or pre/post petition amounts.

029

**Trustee: James J. Joseph**

**Case Account Summary**

Page No: 2

| | | | | As of September 5, 2003 | |
|---|---|---|---|---|---|
| | | | **Receipts** | **Disbursements** | **Balance** |

**Case Number:** SA-99-20881-RA
**Case Name:** INC. AMERICAN EAGLE FINANCIAL
**Tax ID:** 33-0640434
**Period Beginning:** November 1, 1999
**Period Ending:** September 5, 2003

**Account Number:** 3754884485
**Bank Name:** BANK OF AMERICA, N.A.
**Account Type:** MM
**Account Name:** MONEY MARKET
**Account Balance:** 300,051.18      0.00      300,051.18
**Interest Rate:**

Case Balance      **$1,676,772.07**      **$1,376,720.89**      **$300,051.18**

Receipts and Disbursements listed on this account summary report include all bank transactions credited and debited on account statements. These figures do not reflect trustee compensability or pre/post petition amounts.

**030**

## ATTACHMENT NO. 2

### LISTING OF DIVIDEND PAYMENTS
**(EACH CREDITOR CLASS SHOULD BE LISTED SEPARATELY)**

CLASS OF CREDITOR BEING PAID:     Trustee Compensation

PERCENTAGE PAID ON CLAIM:     100.0000%

AMOUNT/BALANCE TO DISTRIBUTE:     $300,051.18

| CLAIM NUMBER | NAME & ADDRESS OF CLAIMANT | AMOUNT OF ALLOWED CLAIM | INTERIM PAYMENT | AMOUNT OF DIVIDEND |
|---|---|---|---|---|
| | James J. Joseph 2029 Century Park East Third Floor Los Angeles, CA 90067-2904 | $21,507.27 | $0.00 | $21,507.27 |
| | **TOTALS:** | **$21,507.27** | **$0.00** | **$21,507.27** |

CASE NUMBER:     **SA-99-20881-RA**

CASE NAME:     **AMERICAN EAGLE FINANCIAL, INC.**

\* Total also includes employee taxes withheld.

**031**

## ATTACHMENT NO. 2

### LISTING OF DIVIDEND PAYMENTS
**(EACH CREDITOR CLASS SHOULD BE LISTED SEPARATELY)**

CLASS OF CREDITOR BEING PAID:          Trustee Expenses

PERCENTAGE PAID ON CLAIM:          100.0000%

AMOUNT/BALANCE TO DISTRIBUTE:      $278,543.91

| CLAIM NUMBER | NAME & ADDRESS OF CLAIMANT | AMOUNT OF ALLOWED CLAIM | INTERIM PAYMENT | AMOUNT OF DIVIDEND |
|---|---|---|---|---|
| | James J. Joseph<br>2029 Century Park East<br>Third Floor<br>Los Angeles, CA  90067-2904 | $698.26 | $0.00 | $698.26 |
| | **TOTALS:** | **$698.26** | **$0.00** | **$698.26** |

**CASE NUMBER:**      SA-99-20881-RA

**CASE NAME:**        AMERICAN EAGLE FINANCIAL, INC.

\* Total also includes employee taxes withheld.

**032**

<u>**ATTACHMENT NO. 2**</u>

<u>**LISTING OF DIVIDEND PAYMENTS**</u>
**(EACH CREDITOR CLASS SHOULD BE LISTED SEPARATELY)**

CLASS OF CREDITOR BEING PAID:    Other Chapter 7 Administrative Expenses

PERCENTAGE PAID ON CLAIM:    100.0000%

AMOUNT/BALANCE TO DISTRIBUTE:    $277,845.65

| CLAIM NUMBER | NAME & ADDRESS OF CLAIMANT | AMOUNT OF ALLOWED CLAIM | INTERIM PAYMENT | AMOUNT OF DIVIDEND |
|---|---|---|---|---|
| 00025 | WELLS FARGO EQUIPMENT FINANCE 6500 WILSHIRE BL 17TH FLOOR LOS ANGELES, CA 90048-4920 | $5,971.66 | $0.00 | $5,971.66 |
| | **TOTALS:** | **$5,971.66** | **$0.00** | **$5,971.66** |

**CASE NUMBER:**    **SA-99-20881-RA**

**CASE NAME:**    **AMERICAN EAGLE FINANCIAL, INC.**

\* Total also includes employee taxes withheld.

**033**

## ATTACHMENT NO. 2

### LISTING OF DIVIDEND PAYMENTS
**(EACH CREDITOR CLASS SHOULD BE LISTED SEPARATELY)**

CLASS OF CREDITOR BEING PAID:          Attorney for Trustee Fees

PERCENTAGE PAID ON CLAIM:              100.0000%

AMOUNT/BALANCE TO DISTRIBUTE:      $271,873.99

| CLAIM NUMBER | NAME & ADDRESS OF CLAIMANT | AMOUNT OF ALLOWED CLAIM | INTERIM PAYMENT | AMOUNT OF DIVIDEND |
|---|---|---|---|---|
| ADMINF | DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>2029 CENTURY PARK EAST<br>THIRD FLOOR<br>LOS ANGELES, CA 90067-2904 | $64,858.50 | $51,023.50 | $13,835.00 |
| | **TOTALS:** | **$64,858.50** | **$51,023.50** | **$13,835.00** |
| | **CASE NUMBER:** | SA-99-20881-RA | | |
| | **CASE NAME:** | AMERICAN EAGLE FINANCIAL, INC. | | |

\* Total also includes employee taxes withheld.

**034**

## ATTACHMENT NO. 2

### LISTING OF DIVIDEND PAYMENTS
### (EACH CREDITOR CLASS SHOULD BE LISTED SEPARATELY)

CLASS OF CREDITOR BEING PAID:        Attorney for Trustee Expenses

PERCENTAGE PAID ON CLAIM:            100.0000%

AMOUNT/BALANCE TO DISTRIBUTE:        $258,038.99

| CLAIM NUMBER | NAME & ADDRESS OF CLAIMANT | AMOUNT OF ALLOWED CLAIM | INTERIM PAYMENT | AMOUNT OF DIVIDEND |
|---|---|---|---|---|
| ADMINE | DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>2029 CENTURY PARK EAST<br>THIRD FLOOR<br>LOS ANGELES, CA 90067-2904 | $4,659.71 | $3,233.64 | $1,426.07 |
|  | **TOTALS:** | **$4,659.71** | **$3,233.64** | **$1,426.07** |
|  | **CASE NUMBER:** | SA-99-20881-RA | | |
|  | **CASE NAME:** | AMERICAN EAGLE FINANCIAL, INC. | | |

* Total also includes employee taxes withheld.

035

## ATTACHMENT NO. 2

### LISTING OF DIVIDEND PAYMENTS
#### (EACH CREDITOR CLASS SHOULD BE LISTED SEPARATELY)

CLASS OF CREDITOR BEING PAID:        Wages-- 507(a)(3)

PERCENTAGE PAID ON CLAIM:        100.0000%

AMOUNT/BALANCE TO DISTRIBUTE:        $256,612.92

| CLAIM NUMBER | NAME & ADDRESS OF CLAIMANT | AMOUNT OF ALLOWED CLAIM | INTERIM PAYMENT | AMOUNT OF DIVIDEND |
|---|---|---|---|---|
| 00056 | KATHY PATERSON | $4,300.00 | $0.00 | $4,300.00 |
| | 3513 MANDERVILLE | | | |
| | ORANGE, CA 92867 | | | |
| | Social Security (Employer) | $266.60 | $0.00 | $266.60 |
| | Medicare (Employer) | $62.35 | $0.00 | $62.35 |
| | Federal Unemployment | $34.40 | $0.00 | $34.40 |
| | State Unemployment | $232.20 | $0.00 | $232.20 |
| | State Disability | $38.70 | $0.00 | $38.70 |
| | State Withholding | $258.00 | $0.00 | $258.00 |
| | Medicare (Employee) | $62.35 | $0.00 | $62.35 |
| | Social Security (Employee) | $266.60 | $0.00 | $266.60 |
| | Federal Withholding | $1,333.00 | $0.00 | $1,333.00 |
| | Net for Claim No. 00056 | | $0.00 | $2,341.35 |
| 00057 | RON PATERSON | $4,300.00 | $0.00 | $4,300.00 |
| | 3513 MANDEVILLE PLACE | | | |
| | ORANGE, CA 92867 | | | |
| | Social Security (Employer) | $266.60 | $0.00 | $266.60 |
| | Medicare (Employer) | $62.35 | $0.00 | $62.35 |
| | Federal Unemployment | $34.40 | $0.00 | $34.40 |
| | State Unemployment | $232.20 | $0.00 | $232.20 |
| | State Disability | $38.70 | $0.00 | $38.70 |
| | State Withholding | $258.00 | $0.00 | $258.00 |
| | Medicare (Employee) | $62.35 | $0.00 | $62.35 |
| | Social Security (Employee) | $266.60 | $0.00 | $266.60 |
| | Federal Withholding | $1,333.00 | $0.00 | $1,333.00 |
| | Net for Claim No. 00057 | | $0.00 | $2,341.35 |

TOTALS:        $9,791.10        $0.00        $9,791.10

CASE NUMBER:        SA-99-20881-RA

CASE NAME:        AMERICAN EAGLE FINANCIAL, INC.

* Total also includes employee taxes withheld.

**036**

**ATTACHMENT NO. 2**

**LISTING OF DIVIDEND PAYMENTS**
**(EACH CREDITOR CLASS SHOULD BE LISTED SEPARATELY)**

CLASS OF CREDITOR BEING PAID:          General Unsecured 726(a)(2)

PERCENTAGE PAID ON CLAIM:              11.1200%

AMOUNT/BALANCE TO DISTRIBUTE:          $248,012.92

| CLAIM NUMBER | NAME & ADDRESS OF CLAIMANT | AMOUNT OF ALLOWED CLAIM | INTERIM PAYMENT | AMOUNT OF DIVIDEND |
|---|---|---|---|---|
| 00001 | APPLIED P & CH LABORATORIES<br>C/O JOHN YARMOSKI, ESQ<br>17890 CASTLETON AVE, STE 311<br>LA PUENTE, CA 91748 | $329,728.45 | $0.00 | $36,669.97 |
| 00002 | APPLIED P & CH LABORATORIES<br>C/O JOHN YARMOSKI, ESQ<br>17890 CASTLETON AVE, STE 311<br>LA PUENTE, CA 91748 | $41,510.60 | $0.00 | $4,616.50 |
| 00003 | APPLIED P & CH LABORATORIES<br>C/O JOHN YARMOSKI<br>17890 CASTLETON AVENUE #311<br>LA PUENTE, CA 91748 | $14,049.35 | $0.00 | $1,562.47 |
| 00005 | CURTIS EQUIPMENT<br>PO BOX 209<br>LOWELL, MI 49331 | $46,120.00 | $0.00 | $5,129.13 |
| 00006 | KONICA PHOTO SERVICES USA, INC.<br>C/O MICHAEL G MENKOWITZ<br>FOX, ROTHSCHILD, O'BRIEN & FRANKEL 2000<br>MARKET STREET, 10TH FL<br>PHILADELPHIA, PA 19103 | $141,895.50 | $0.00 | $15,780.57 |
| 00007 | DESPATCH INDUSTRIES LP<br>C/O MEAGHER & GEER PLLP 4200 MULTIFOODS<br>TOWER/33 SO 6TH ST<br>MINNEAPOLIS, MN 55402 | $149,302.90 | $0.00 | $16,604.37 |
| 00008 | IMAGING PLUS<br>17534 VON KARMAN<br>IRVINE, CA 92614 | $196.07 | $0.00 | $21.81 |
| 00009 | STEADL SYSTEMS<br>500 N CENTRAL EXPRESSWAY 5TH FLOOR<br>PLANO, TX 75074 | $5,443.96 | $0.00 | $605.44 |
| 00010 | INTRASHRED SECURITY SERVICES<br>2675 POMONA BLVD<br>POMONA, CA 91768-3221 | $140.00 | $0.00 | $15.57 |
| 00011 | VIRGINIA COMMUNICATIONS<br>7621 E GRAY ROAD SUITE B1<br>SCOTTDALE, AZ 85260 | $3,259.46 | $0.00 | $362.49 |
| 00012 | UCC DIRECT SERVICES, DATA FILE SVCS<br>FILE 55273<br>LOS ANGELES, CA 90074-0000 | $2,057.85 | $0.00 | $228.86 |
| 00014 | CSC<br>PO BOX 13397<br>PHILADELPHIA, PA 19101-3397 | $214.00 | $0.00 | $23.80 |

**037**

| | | | | |
|---|---|---|---|---|
| 00015 | SPECIALIZED DIRECT RESPONSE<br>3080 AIRWAY #100<br>COSTA MESA, CA 92626 | $21,385.00 | $0.00 | $2,378.28 |
| 00016 | WASTE EQUIPMENT MAY MFG.<br>5400 MARSHALL STREET<br>ARVADA, CO 80002 | $11,444.00 | $0.00 | $1,272.72 |
| 00017 | PREMIER CONSTRUCTION DEVELOPMENT I<br>8562 LIZARD LANE<br>DITTMER, MO 63023 | $793.28 | $0.00 | $88.22 |
| 00018 | ZELLERBACH<br>17411 VALLEY BLVD<br>CITY OF INDUSTR, CA 91716 | $107,620.91 | $0.00 | $11,968.80 |
| 00019 | SECURITY SIGNAL DEVICES INC<br>1740 N LEMON STREET<br>ANAHEIM, CA 92801-1007 | $18,792.49 | $0.00 | $2,089.96 |
| 00020 | MICRO WAREHOUSE<br>55 UNITED STATES AVENUE<br>GIBBSBORO, NJ 08026 | $8,179.39 | $0.00 | $909.65 |
| 00021 | NATIONAL BUSINESS FURNITURE<br>3530 WILSHIRE BLVD SUITE 710<br>LOS ANGELES, CA 90010 | $6,685.72 | $0.00 | $743.54 |
| 00022 | MOLLOY ASSOCIATES<br>409 E LANCASTER AVENUE<br>WAYNE, PA 19087 | $1,515.00 | $0.00 | $168.49 |
| 00023 | ARMANDO G MARTINEZ<br>DBA MRS RIOS CORN PRODUCTS 215 WEST AVE<br>N<br>SAN ANGELO, TX 76903 | $3,964.34 | $0.00 | $440.88 |
| 00024 | GTE SUPPLY<br>PO BOX 101734<br>ATLANTA, GA 30392-1734 | $4,062.09 | $0.00 | $451.76 |
| 00025A | WELLS FARGO EQUIPMENT FINANCE<br>6500 WILSHIRE BLVD., 17TH FLOOR<br>LOS ANGELES, CA 90048-4920 | $47,823.74 | $0.00 | $5,318.60 |
| 00026 | PINK DOT<br>751 DAILY DR STE 302<br>CAMARILLO, CA 93010 | $5,504.44 | $0.00 | $612.16 |
| 00028 | REXCO EQUIPMENT<br>PO BOX 1528<br>CEDAR RAPIDS, IA 52408 | $26,507.50 | $0.00 | $2,947.97 |
| 00029 | AMPLICON INC<br>C/O NEIL G KENDUCK 5 HUTTON CENTRE DR<br>SUITE 500<br>SANTA ANA, CA 92707 | $175,937.50 | $0.00 | $19,566.47 |
| 00030 | SOPHISTICATED REIMBURSEMENT &<br>TRANSCRIPTION SOLUTIONS 654 WASHINGTON<br>STREET SUITE 4<br>BAINTREE, MA 02184 | $925.62 | $0.00 | $102.94 |
| 00031 | FRIEDLAND, ROBERT J<br>MUSICK, PEELER & GARRETT<br>ONE WILSHIRE BL., # 2000<br>LOS ANGELES, CA 90017 | $437,795.55 | $0.00 | $48,688.39 |
| 00032 | GARG DATA INTERNATIONAL<br>3737 BIRCH STREET 200<br>NEWPORT BEACH, CA 92660 | $10,595.00 | $0.00 | $1,178.30 |

| | | | | |
|---|---|---|---|---|
| 00034 | CONTACT SYSTEMS INC<br>ROGER BENNITT  50 MIRY BROOK RD<br>DANBURY, CT 06810 | $60,806.19 | $0.00 | $6,762.42 |
| 00036 | TEXTRON FINANCIAL CORPORATION<br>C/O RICHARD A SOLOMON 12555 HIGH BLUFF<br>DRIVE  SUITE 260<br>SAN DIEGO, CA 92130 | $31,998.26 | $0.00 | $3,558.61 |
| 00037 | INGRAM MICRO<br>1759 WEHRLE DR<br>WILLIAMSVILLE, NY 14221 | $12,451.68 | $0.00 | $1,384.78 |
| 00038 | TRANSCOM SERVICES<br>15323 GARFIELD AVE.<br>PARAMOUNT, CA 90723 | $19,664.40 | $0.00 | $2,186.93 |
| 00039 | MERCEDES-BENZ CREDIT CORP<br>7 VILLAGE CIRCLE SUITE 300<br>ROANOKE, TX 76262-0685 | $24,475.25 | $0.00 | $2,721.96 |
| 00042 | ICG TELECOM GROUP INC<br>DEPT  LA21302<br>PASADENA, CA 91185-1302 | $9,386.29 | $0.00 | $1,043.87 |
| 00044 | AMERICAN WOOD DRYERS INC<br>15495 S E FCR MOR COURT<br>CLACKAMAS, OR 97015 | $95,951.03 | $0.00 | $10,670.97 |
| 00046 | PEGUIN AIR INC<br>302 BOXBORO ROAD<br>STOW, MA 01775 | $1,825.00 | $0.00 | $202.96 |
| 00047 | STOW AVIATION SERVICES INC<br>302 BOXBORO ROAD<br>STOW, MA 01775 | $2,225.00 | $0.00 | $247.45 |
| 00048 | DIVERSIFIED OBJECTIVES INC<br>101 BOARDWALD STE 915<br>ATLANTIC CITY, NJ 08400 | $15,244.53 | $0.00 | $1,695.38 |
| 00050 | ST JOSEPH'S COMMUNITY HEALTH SER<br>C/O ROBERT J BRENNAN ESQ<br>163 MADISON AVENUE<br>MORRISTOWN, NJ 07962-1997 | $75,000.00 | $0.00 | $8,340.95 |
| 00059 | HANOVER DIRECT INC<br>C/O JONATHAN B COLE 15260 VENTURA BLVD<br>SHERMAN OAKS, CA 91403 | $4,983.24 | $0.00 | $554.20 |
| 00060 | QUIKTRAK INC<br>5005 MEADOWS ROAD STE 400<br>LAKE OSWEGO, OR 97035 | $600.00 | $0.00 | $66.73 |
| 00061 | H H FREIGHT INC<br>7380 CRAFT FRONTAGE ROAD<br>OLIVE RANCH, MS 38651 | $1,355.60 | $0.00 | $150.76 |
| 00062 | SIERRA VISTA LLC<br>C/O RICHARD SPENE WORDES ESQ 31 JOURNEY<br>STREET SUITE 120<br>LAGUNA BEACH, CA 92656 | $67,020.00 | $0.00 | $7,453.47 |
| 00063 | DATASUL, INC<br>C/O CARL R JOHNSTON, ESQ<br>7100 PEACHTREE-DUNWOODY RD<br>ATLANTA, GA  30328 | $29,052.00 | $0.00 | $3,230.95 |

| 00065 | GENERAL ELECTRIC CAPITAL CORP | $143,880.41 | $0.00 | $16,001.32 |
| | C/O STEVEN R GLASS | | | |
| | 21700 OXNARD STREET, #430 | | | |
| | WOODLAND HILLS, CA 91367 | | | |
| | **TOTALS:** | **$2,219,368.59** | **$0.00** | **$246,821.82** |
| | **CASE NUMBER:** | **SA-99-20881-RA** | | |
| | **CASE NAME:** | **AMERICAN EAGLE FINANCIAL, INC.** | | |

\* Total also includes employee taxes withheld.

**040**

STATE OF CALIFORNIA        )
                          )   ss.
COUNTY OF LOS ANGELES      )


    I am the Trustee in the above-entitled case; I have read the foregoing Final Account and Report of Trustee, and know the contents thereof; and I certify that the same is true of my own knowledge, except as to the matters which are therein stated upon my information or belief, and as to those matters I believe it to be true.

    Executed on September _____, 2003, at Los Angeles, California.

    I declare under penalty of perjury that the foregoing is true and correct.


                                _____
                                James J. Joseph
                                Chapter 7 Trustee

**041**

In re American Eagle Financial, Inc.
Chapter 7 Case No. 8:99-bk-20881

# DECLARATION OF JAMES J. JOSEPH

# EXHIBIT 3

Form B6B - (10/89)



1998 USBC, Central District of California

| In re American Eagle Financial Group, Inc. | | Case No.: | |
|---|---|---|---|
| | Debtor. | SA99-20881-RA | (If known) |

## SCHEDULE B - PERSONAL PROPERTY

| | TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Wells Fargo Checking Account (account closed by bank since filing) | | 0.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | | Deposit with Sierra Vista | | 8,400.00 |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |
| 11. | Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. | Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. | Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. | Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. | Accounts receivable. | | | | 1,806,335.00 |
| 16. | Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |

Form B6B - (10/89)                                                    1998 USBC, Central District of California

| In re American Eagle Financial Group, Inc. | | Case No.: | |
|---|---|---|---|
| | Debtor. | SA99-20881-RA | (If known) |

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Claims against Garg Data International | | 50,000.00 |
| | | Claims against Bombardier regarding conversion and lender liability. | | unknown |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles. | X | | | |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

**044**

Form B6B - (10/89)

1998 USBC, Central District of California

In re American Eagle Financial Group, Inc.

Debtor.

Case No.:
SA99-20881-RA              (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | _____ continuation sheets attached | | $1,864,735.00 |

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

OFFICE OF THE U.S. TRUSTEE, 411 W. 4th St., #9041, Santa Ana, CA  92701

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTON OF UNITED STATES TRUSTEE FOR AN ORDER REOPENING CHAPTER 7 CASE PURUSUANT TO 11 U.S.C. § 350(b), MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 10, 2014,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- James J Joseph (TR)     jamesjosephtrustee@gmail.com, jjoseph@ecf.epiqsystems.com
- Joel S. Miliband     jmiliband@brownrudnick.com

**2.  SERVED BY UNITED STATES MAIL**:  On **December 10, 2014,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**American Eagle Financial Inc**
120 S Chaparral Court Ste 150
Anaheim, CA 92808

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 10, 2014**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson--bin on the 5th fl.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/10/14 | Daniel Sheehan | /s/ Daniel Sheehan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

PETER C. ANDERSON
United States Trustee
Elizabeth Lossing (Bar No. 144100)
Attorney for the U.S. Trustee
Ronald Reagan Federal Building &
      United States Courthouse
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701-8000
Telephone: (714) 338-3400
Facsimile: (714) 338-3421
Email: Elizabeth.lossing@usdoj.gov

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:99-bk-20881-SC |
| AMERICAN EAGLE FINANCIAL, INC., | Chapter 7 |
| Debtor. | NOTICE OF HEARING |

TO THE CREDITORS AND OTHER INTERESTED PARTIES:

    NOTICE IS HERBY GIVEN that a hearing in this case will be held in Courtroom **"5C"**, United States Bankruptcy Court, 411 West Fourth Street, Ronald Reagan Federal Building & United States Courthouse, Santa Ana, California 92701, on **January 8, 2015, at 10:00 a.m.,** to consider and act upon the following:

**NOTICE OF MOTION AND MOTON OF UNITED STATES TRUSTEE FOR AN ORDER REOPENING CHAPTER 7 CASE PURUSUANT TO 11 U.S.C. § 350(b), MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF**

    Objections, if any, to the above shall be in writing and filed with the Court and served upon the court party named in the upper left-hand corner of this notice at least fourteen (14) days prior to the hearing date. See Local Bankruptcy Rule 9013-1(f)&(h)

DATED:                              KATHLEEN J. CAMPBELL
                                           Clerk of Court